ALFONSO GARCIA v. THE STATE.

No. 11558.   Delivered April 25, 1928.

**Theft—Argument of Counsel—Error Cured by Court's Charge.**

Where, on a trial for theft of an automobile, it was shown that when the car was recovered by the officers, it contained a sack of beans, which were not in the car when it was stolen. The statement of prosecuting attorney in his argument that appellant was not only guilty of the theft of the car but was also guilty of the theft of the sack of beans, if improper, the error was cured by the instruction of the court to disregard same.

Appeal from the District Court of El Paso County.   Tried below before the Hon. W. D. Howe, Judge.

Appeal from a conviction for theft, penalty five years in the penitentiary.

The opinion states the case.

No brief filed by appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is theft of property over the value of fifty dollars, the punishment confinement in the penitentiary for five years.

Appellant was jointly indicted with Raymond Tibor, Antonio Montanez and Refugio Ortiz.

The injured party, Albert Ewald, testified that he parked his automobile near the Elks Club in the city of El Paso about noon; that he left the car for a short while; that when he returned the car was gone; that it was turned over to him by officers at 1:15 p. m. on the same day; that when he recovered the car a time clock, pump, jack and tools were missing. The arresting officer testified that he followed appellant and his companions in an automobile; that appellant was driving the car at a rapid rate of speed; that he demanded that the parties stop, but that they failed to heed his warning; that before catching them he was required to run his car about fifty-five miles an hour; that it was necessary for him to run into the front wheel of the stolen car before stopping appellant and his companions.

Appellant testified that his companions invited him to ride in the car; that he did not know it was a stolen car and had nothing to do with the theft. He denied that he attempted to escape from the arresting officer.

Appellant's contention that the evidence is insufficient to support the conviction is without merit. The jury were justified

in adopting the theory of the state, which was supported by cogent and ample evidence.

By bill of exception No. 1 appellant complains of the action of the District Attorney in stating in argument that appellant was not only guilty of stealing the automobile, but was also guilty of stealing a sack of beans, which was found in the car. Appellant's objections to the argument were that there was no evidence before the jury that the sack of beans had been stolen and no evidence that appellant was guilty of the theft thereof. The court instructed the jury not to consider the argument. Appellant contends that the effect of the argument could not be withdrawn on account of it being obviously of a prejudicial nature. Although there were no beans in the car at the time it was stolen, when recovered by the officers a sack of beans was found therein. In the light of the evidence, we are of the opinion that, if the remarks of the District Attorney were improper, the error was cured by the instruction of the court that they be disregarded by the jury.

We have carefully considered bills of exception Nos. 2 and 3 and find that they are insufficient to manifest reversible error.

Finding no error, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.